IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| FRANKLIN D. MAPLES, JR., | ) | C/A NO. 3:07-3568-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| CITY OF COLUMBIA, AND BRADLEY | ) | |
| ANDERSON, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Through this action, Plaintiff Franklin D. Maples, Jr. ("Maples") seeks recovery under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII")*,* from his employer, the City of Columbia ("City"), for the City's failure to promote him to the position of Fire Marshal. Specifically, Maples alleges that the City denied him a promotion to the position of Fire Marshal because of his race (Caucasian) and gender. In addition, Plaintiff asserts a claim against his immediate supervisor, Bradley Anderson, pursuant to 42 U.S.C. § 1983.

**BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On January 29, 2009, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted as to both the Title VII and Section 1983 claims. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so.

Plaintiff timely filed objections as to the Title VII claim only. *See* Dkt No. 34 (*"Plaintiff's objections apply only to Defendant City*; he *does not* seek to maintain Chief Bradley Anderson as a Defendant in this case and he hereby stipulates to the Fire Chief's dismissal." )(emphasis in original); Dkt. No. 1 ¶¶ 4, 5, 12 & 17 (complaint, asserting Title VII claim soley against City and Section 1983 claim solely against Anderson). Defendant filed a responsive memorandum addressing Plaintiffs objections. The matter is now before the court for review of the Report and Recommendation.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

**DISCUSSION**

The court has made a *de novo* review of the Report and underlying record as to all matters to which Plaintiff lodged an objection and has reviewed the Report for clear error as to other matters.

Having done so, the undersigned finds no substantive errors in the Report and concurs with the Report in its analysis. The court does, however, note one typographical error in the last paragraph on page 14 of the Report where it refers to "Bradley." The reference is clearly to Fire Chief Bradley Anderson. Except for this minor, non-substantive error, the court adopts the Report in all respects.

## CONCLUSION

For the reasons set forth above, the court adopts the Report in full and grants summary judgment in full.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
February 23, 2009